542 A.2d 397

**Leon TITOW**

v.

**STATE of Maryland.**

No. 1511, Sept. Term, 1987.

Court of Special Appeals of Maryland.

June 13, 1988.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief) Baltimore, for appellant.

Beverly Peyton Griffith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty., David L. Hendricks, Asst. State's Atty. for Anne Arundel County, on the brief, Annapolis), for appellee.

Submitted before MOYLAN, WILNER and ALPERT, JJ.

MOYLAN, Judge.

The appellant, Leon Titow, was convicted in the Circuit Court for Anne Arundel County of the unlawful possession of cocaine with intent to distribute. Upon this appeal, he raises the single contention that his motion to suppress the physical evidence was erroneously denied.

The appellant's suitcase was searched by a combined team of special agents of the Federal Drug Enforcement Administration and narcotics officers of the Anne Arundel County Police Department. The search took place at the Baltimore–Washington International Airport shortly after the appellant alighted from a flight from Miami.

The search was warrantless. The State argued and the trial judge found that the search satisfied the Fourth Amendment's reasonableness standards under the theory that the appellant had voluntarily consented to the search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

At the suppression hearing, the appellant strenuously denied ever having consented to the search. DEA Agent Masiello, on the other hand, testified that although the appellant initially objected to the search of his suitcase, he ultimately consented. The trial judge, as was his fact-finding prerogative, chose to believe Agent Masiello and to disbelieve the appellant. We defer completely to that fact finding.

■ Even accepting the State's most favorable version of the facts, as we must, we nonetheless conclude that those facts, as a matter of law, do not establish voluntary consent within the contemplation of *Schneckloth v. Bustamonte.* As *Schneckloth* discussed and as *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), made clear, even ostensible consent is not voluntary when it is "no more than acquiescence to a claim of lawful authority." 391 U.S. at 549, 88 S.Ct. at 1792. In this case, the "claim of lawful authority" that was effectively communicated to the appellant—through a combination of words, actions, and selected silence—was, "You may as well consent to the search of your luggage because we are going to hold it (and presumably search it) in any event."

Even under the State's version of the evidence, the state and federal agents approached the appellant and four others near an exit of the airport. Agent Masiello asked the persons stopped if they would mind answering a few questions. They replied that they would not. Agent Masiello somehow obtained both the appellant's airline ticket and his driver's license. Instead of simply inspecting and returning them, he retained them. When Agent Masiello asked the appellant for consent to search the appellant's bag, the appellant told him unequivocally that he did not want his bag searched and would not consent. When Agent Masiello told the appellant that the agent was going to seize the luggage and issue the appellant a receipt, the appellant became vociferous and was calmed down by two of his companions. The appellant demanded to know why the agents wanted to search his luggage. When Agent Masiello replied that he had reason to suspect that the luggage contained contraband, the appellant persisted in his objection to a search. Even under the State's best version of the facts, the pivotal testimony of Agent Masiello was as follows:

"... And again I offered the choice, you're free to go, we'll issue you a receipt for your bags, we'll have to take

your bags into custody. Again, he became agitated. Again, Miss Porter calmed him down and said it was all right.

At that point, I asked them—he—he consented, he said okay, you can search."

If the law enforcement agents had done nothing more than confront the appellant with an alternative to a consensual search that they were constitutionally entitled to pursue, we could not say that his election to consent to the immediate search was necessarily involuntary. That, however, is not what was done in this case. The clear implication, when the agents told the appellant that they were going to seize his luggage and issue him a receipt, is that the luggage would be subjected to a search. That was not an accurate description of their constitutional prerogative. Neither was it, therefore, a proper statement of the choice facing the appellant.

■ Even if we were to assume that the agents had probable cause to believe that the suitcase contained contraband, that would not authorize a warrantless search but would only authorize a warrantless seizure. The agents would still be required to submit their probable cause to a judge and to search the suitcase only under the authority of a warrant. *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). Failing to obtain a warrant, the agents would be required to return the suitcase to its owner unsearched. The appellant was never informed that this was the alternative to his consenting to an immediate search.

■ Assuming, on the other hand, that the agents had nothing more than articulable suspicion, under the drug courier profile or otherwise, that the suitcase contained contraband, they would only be entitled to detain it for a limited period of time. *United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (a detention of 90 minutes was deemed to be a scope violation). It is true that the agents would have been entitled to detain the luggage

for a brief period of time (something less than 90 minutes) during which time the suitcase could have been subjected to "sniffing" by a trained, drug-sniffing dog. At the suppression hearing, the agents testified that this was their intention. The appellant, however, was never informed that this was the limited purpose of the agents. Neither was he informed that if the dog did not arrive to "sniff" the suitcase in a relatively short period of time, the agents' authority to detain the suitcase under *United States v. Place* would have come to an end and the appellant would have been entitled to leave with the suitcase still "unsniffed."

The appellant was not only uninformed as to his full constitutional options, he was, at least by strong implication, affirmatively misled as to those options. A significant misrepresentation, by commission or omission, of the constitutional choices available to him is a strong circumstance, in the larger totality of circumstances, militating against the voluntary quality of the appellant's consent. We hold that even the State's most favorable version of the first-level facts failed to establish, as a matter of law, the ultimate constitutional fact of voluntary consent within the contemplation of the Fourth Amendment.

JUDGMENT REVERSED; COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.